MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
jhayashi@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendants
GAMESTOP CORP. and
GAMESTOP, INC.

Kenneth S. Gaines, Esq.
ken@gaineslawfirm.com
Daniel F. Gaines, Esq.
daniel@@gaineslawfirm.com
Alex P. Katofsky, Esq.
alex@gaineslawfirm.com
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Tel: 818.703.8985
Fax: 818.703.8984

Attorneys for Plaintiff
ANGELA CHURCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CHURCH, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>GAMESTOP, INC., a Minnesota corporation; GAMESTOP CORP.; a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 11-CV-00132-GAF-RZx<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

1

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

This Joint Stipulation of Settlement and Release is made and entered into between Plaintiff ANGELA CHURCH, as an individual and as a representative of the Class ("Plaintiff"), and Defendants GAMESTOP CORP. and GAMESTOP, INC. (together, "GameStop" or "Defendants"), who are parties to the above-captioned litigation (together, the "Parties").

It is hereby stipulated and agreed, by and between the undersigned Parties, subject to approval of the Court, that the settlement of this action shall be effectuated upon and subject to the following terms and conditions:

## I.   **DEFINITIONS**

The following capitalized terms, when used in this Joint Stipulation of Settlement and Release, shall have the following meanings:

1.    "Action" or "Instant Action" means the above stated action, styled as *Angela Church v. GameStop Corp., et al.*, U.S. District Court, Central District of California Case No. 11-CV-00132-GAF-RZx.

2.    "Claims Administrator" means a reputable third-party Claims Administrator, to be selected by the Parties, to administer this Settlement.

3.    "Claim Form" means the document attached hereto as Exhibit 2.

4.    "Claims Period" means a period of forty-five (45) calendar days from the date the Claims Administrator mails the Settlement Documents to Class Members.   If the 45th day falls on a Sunday or holiday, the Claims Period shall end on the next business day that is not a Sunday or holiday.

5.    "Class" and "Settlement Class" mean all persons who are, have been, or will be employed by Defendants in the State of California from December 15, 2006 through the Date of Preliminary Approval of this Settlement.

6.    "Class Counsel" means the law firm of Gaines & Gaines, APLC.

7.    "Class Member" means each person eligible to participate in this Settlement who is a member of the Class defined above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

2

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

8.     "Class Member Released Claims" shall mean a release of Settling Defendants of any and all claims that were asserted in the Instant Action, and any and all claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Plaintiff's Complaint or in any Amended Complaint filed in this Action, including but not limited to any and all claims arising under the IWC Wage Orders; California Labor Code, including, without limitation, §§ 212, 225.5, and 1198; California Business & Professions Code §§17200 et seq.; and any and all claims under the Private Attorney General Act (California Labor Code Section 2698) relating to the claims being released herein.  Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out.

9.     "Class Period" shall mean the time period from December 15, 2006 through the Date of Preliminary Approval of this Settlement.

10.    "Class Representative Released Claims" means a general release of Settling Defendants, as defined herein, of any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Settling Defendants, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

JOINT STIPULATION OF SETTLEMENT AND RELEASE

DB2/ 22646264.1

regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by Civil Code Section 1542, by Class Representative, arising during the period from the beginning of the Class Representative's first date of employment with Settling Defendants to the date on which the Court enters the Order of Final Approval, for any type of relief, including, without limitation, claims for failure to pay overtime, failure to pay for all hours worked, failure to timely pay final wages, failure to provide meal and rest periods, failure to furnish accurate wage statements, wrongful termination, retaliation, damages, unpaid costs, penalties (including waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  The Class Representative Released Claims include, but are not limited to the Class Member Released Claims as well as any other claims under any provision of the Fair Labor Standards Act, the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940 et seq.; the Unruh Civil Rights Act, California Civil Code § 51 et seq.; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; and all of their implementing regulations and interpretive guidelines. The Class Representative shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits she may otherwise have had relating to the released claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known

to him or her must have materially affected his or her settlement with the debtor.

11.    "Class Representative," "Named Plaintiff," and "Plaintiff" shall mean Plaintiff Angela Church.

12.    "Compensable Pay Periods" means and refers to the number of pay periods during the Class Period in which a Class Member was employed by Defendants in California.  Compensable Pay Periods will be calculated by the Claims Administrator based on inception and termination dates for weeks worked during the Class Period.

13.    "Complaint" shall mean the operative Complaint in the above-entitled Action, originally filed in the Superior Court on or about December 15, 2010.

14.    "Court" shall mean the U.S. District Court, Central District of California.

15.    "Date of Preliminary Approval" means the date the Court approves this Stipulation of Settlement, and the exhibits thereto, and enters an Order providing for notice to the Class, an opportunity to opt-out of the Class, an opportunity to submit timely objections to the settlement, a procedure for submitting claims, and setting a hearing for Final Approval of the Settlement, including approval of attorneys' fees and costs.

16.    "Deficient Claim Form" means a Claim Form that is not signed by the Class Member submitting the Claim Form or cannot be verified by the Claims Administrator as being an authentic submission by the Class Member.

17.    "Deficient Claimant" means a Class Member that has submitted a Deficient Claim Form and has failed to cure its deficiencies.

18.    "Deficient Opt-Out Form" means a Request for Exclusion that is not signed by the Class Member submitting the Request for Exclusion or cannot be verified by the Claims Administrator as being an authentic submission by the Class Member.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

5

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

19.     "Deficient Opt-Out" means a Class Member that has submitted a Deficient Opt-Out Form and has failed to cure its deficiencies.

20.     "Defendants' Counsel" means Morgan, Lewis & Bockius LLP.

21.     "Effective Date" means the latter of: (a) the date of final affirmance of an appeal of the Order and Final Judgment, or the expiration of the time for a petition for a writ of certiorari to review the Order and Final Judgment and, if certiorari be granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (c) if no appeal is filed, five days after the expiration date of the time for the filing or noticing of any appeal from the Order and Final Judgment.

22.     "Late Claim Form" means a Claim Form that is submitted to the Claims Administrator after the end of the Claims Period.

23.     "Late Claimant" means a Class Member that has submitted a Late Claim Form.

24.     "Late Opt-Out Form" means a Request for Exclusion that is submitted to the Claims Administrator after the end of the Claims Period.

25.     "Late Opt-Out" means a Class Member that has submitted a Late Opt-Out Form.

26.     "LWDA" means the California Labor and Workforce Development Agency.

27.     "Maximum Settlement Amount" is the sum of Seven Hundred Fifty Thousand U.S. Dollars ($750,000), which represents the maximum amount payable in this settlement by Settling Defendants, which includes all attorneys' fees, litigation costs, claims administration fees, all applicable taxes (including GameStop's share of said taxes), payments to the LWDA, interest, and the Service Enhancement and General Release Payment to the Class Representative.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

6

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

28. "Minimum Settlement Amount" shall be an amount equal to 35% of the Net Settlement Amount, which will be distributed to Qualified Claimants subject to the provisions in Paragraph 57 herein.

29. "Net Settlement Amount" is the portion of the Maximum Settlement Amount eligible for distribution to Qualified Claimants. It equals the Maximum Settlement amount less Class Counsel's attorneys' fees and actual litigation costs, claims administration expenses, payment to the LWDA for PAGA penalties, and the Service Enhancement and General Release Payment to the Class Representative.

30. "Notice of Class Action Settlement" shall mean the document attached hereto as Exhibit 1.

31. "PAGA" shall mean the California Labor Code Private Attorneys General Act, California Labor Code §§ 2698 *et seq.*

32. The "PAGA Subclass" shall consist of all Class Members who were employed by GameStop during the PAGA Subclass Period. The PAGA Subclass shall be created in order to allocate PAGA penalties to those Class Members who are eligible for PAGA penalties. PAGA Subclass Members are also eligible to participate in the Restitution Subclass.

33. The "PAGA Subclass Period" shall mean the time period from December 15, 2009 through the Date of Preliminary Approval of this Settlement.

34. "Parties" shall mean Defendants and Plaintiff.

35. "Qualified Claimant" means a Class Member who has timely submitted a correctly completed Claim Form to the Claims Administrator, signed under penalty of perjury, and who has not opted-out of the Settlement, *i.e.*, one who has not timely submitted a valid Request for Exclusion from the Settlement to the Claims Administrator.

36. The "Restitution Subclass" shall consist of all Class Members who were employed by GameStop during the Class Period.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

7

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

37.   "Settling Plaintiffs" shall mean all Class Members who do not submit a valid Request for Exclusion from the Settlement to the Claims Administrator.

38.   "Settling Defendants" or "GameStop" shall mean GameStop Corp., GameStop, Inc., and all related companies, subsidiaries, entities, future and former direct and indirect parents, affiliates, successors and predecessors, and current and former employees, attorneys, officers and directors of said entities.

39.   "Settling Parties" shall mean the Settling Defendants and Settling Plaintiffs.

40.   "Settlement Documents" shall mean the Notice of Class Action Settlement (Exhibit 1) and the Claim Form (Exhibit 2) attached hereto.

41.   "Stipulation of Settlement" and "Settlement Agreement" shall mean this Joint Stipulation of Settlement and Release.

## II.   DESCRIPTION OF THE LITIGATION

42.   On December 15, 2010, Plaintiff filed a lawsuit against GameStop, Inc., GameStop Corp., and Does 1-50, in the Superior Court for the State of California, in and for the County of Riverside, Case Number RIC10024116. GameStop removed the Action to the U.S. District Court for the Central District of California, where it is presently assigned case number No. EDCV 11-132-GAF-RZx.

43.   Plaintiff seeks to represent a putative class of current and former GameStop employees in California.  The complaint alleges three causes of action under the California Labor Code and Business & Professions Code:  violation of Labor Code § 1198 for alleged failure to provide adequate seats to employees pursuant to IWC Wage Order 7-2001, section 14; alleged failure to issue wages payable on demand without discount pursuant to Labor Code § 212; and alleged violation of Bus. & Prof. Code §§ 17200 et seq.  Plaintiff seeks damages, restitution, civil penalties under PAGA, and injunctive relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

8

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

44.     This Settlement embraces all claims against Settling Defendants as enumerated in paragraphs 8 and 10 above, including, but not limited to, all claims in the Complaint for violations of California's Labor Code and Wage Orders, California's Unfair Competition Law, all related and derivative claims, statutory penalties including civil penalties under PAGA, attorneys' fees, costs, and interest.

**III.**     **POSITION OF THE PARTIES**

45.     Plaintiff alleges in her Complaint that, during the applicable limitations period, GameStop failed to provide its store employees with suitable seats when nature of the work reasonably permits the use of seats, in violation of section 14 of IWC Wage Order 7-2001.  Plaintiff also alleges in her Complaint that GameStop paid its employees via "Comdata paycard" that could not be redeemed in cash for earned wages without incurring a fee, in violation of Labor Code § 212.

46.     Settling Defendants deny these claims, and assert that the nature of the work performed by the Class Members does not reasonably permit the use of seats, and that suitable seats are provided in break areas.  Settling Defendants further assert that its Comdata Paycard system permits employees to receive all earned wages without a surcharge or fee once per pay period.  Consequently, Settling Defendants do not believe that any liability to Plaintiff or Class Members exists, or that Plaintiff or Class Members are entitled to any recovery.  In addition, Settling Defendants contend that Plaintiffs' seating and pay card claims are not suitable for class treatment

47.     On July 12 through 13, 2011, the Parties participated in a lengthy mediation with respected mediator Michael Dickstein in Los Angeles, California. At the mediation, the Parties reached a settlement agreement and subsequently executed a Memorandum of Understanding reflecting the material terms of the Parties' agreement.  All of the terms of the Parties' settlement are contained within this Stipulation of Settlement.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

48.     Discussions between counsel for the Parties, informal discovery, as well as the investigation and evaluation of the claims of Plaintiff by the Parties, have permitted each side to assess the relative merits of the claims and the defenses to those claims.  The Parties agree that the above-described investigation and evaluation, as well as the information exchanged during settlement negotiations and mediation, are more than sufficient to assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.  Based on their own independent investigations and evaluations, Class Counsel is of the opinion that the Settlement with Settling Defendants for the consideration and terms set forth below, considering the representative and class claims, and the risk of loss, is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the Class.  Class Counsel is also of the opinion that the total consideration and payment set forth in this Stipulation of Settlement is adequate in light of the uncertainties surrounding the risk of further litigation, and the possible defenses and offset claims that Settling Defendants have asserted and could assert.

## IV.     BENEFITS OF THE SETTLEMENT TO THE PROPOSED CLASS AND DEFENDANT

49.     Class Counsel recognizes the substantial monetary benefit to the Class and the expenses and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through class certification, trial and possible appeals.  Class Counsel has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation.  Therefore, Class Counsel has determined that the settlement set forth in this Stipulation of Settlement is in the best interest of the Class.

50.     Settling Defendants and their counsel have similarly concluded that it is desirable that the Action be settled in a manner and upon such terms and conditions set forth herein in order to avoid further expense, inconvenience and

distraction of further legal proceedings, and the risk of the outcome of the Action. Therefore, Settling Defendants have determined that it is desirable and beneficial to put to rest the claims in the Action.

## V.   OPERATIVE TERMS OF SETTLEMENT

The Parties to this Action agree as follows:

51.   Non-Admission.  Nothing in this Stipulation of Settlement shall be construed to be or deemed an admission by Settling Defendants of any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and Settling Defendants specifically disclaim any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, or that class certification is appropriate. Each of the Parties has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.  This Stipulation of Settlement, any related court documents or orders, and the Memorandum of Understanding between the parties may not be cited or otherwise admitted as evidence of liability or that class certification is appropriate.  There has been no final determination by any Court as to the merits of the claims asserted by Plaintiff against Settling Defendants or as to whether a class should be certified, other than for settlement purposes only.

52.   Conditional Certification of the Settlement Class.  The Parties stipulate to the conditional certification of the Settlement Class as defined herein for settlement purposes only.  As set forth in Paragraphs 63 and 64, this provision is void and all terms of this Settlement are void if this Settlement is not approved by the Court.  The parties further stipulate that, for settlement purposes only, the law firm of Gaines & Gaines APLC may be appointed as Class Counsel, and that Plaintiff Angela Church may be appointed the Class Representative.  GameStop's stipulation to this settlement class shall in no way be considered any form of waiver of any of the alternative dispute resolution provisions contained in GameStop's

C.A.R.E.S. Rules for Alternative Dispute Resolution or any other applicable alternative dispute resolution policy.  GameStop's stipulation to this settlement class shall not be construed as an admission or acknowledgement of wrongdoing of any kind or that any class should be certified or given collective action treatment.

53.   <u>Allocations to be Paid from the Maximum Settlement Amount</u>. Settling Defendants shall pay an amount not to exceed seven hundred fifty-thousand U.S. Dollars ($750,000.00) as the Maximum Settlement Amount to resolve the Action on a class-wide basis.  Under no circumstances will Settling Defendants be obligated to pay any more than the Maximum Settlement Amount of $750,000.00.  The Parties agree to the following allocations to be paid from the Maximum Settlement Amount, subject to Court approval:

    A.   From the Maximum Settlement Amount, Class Counsel may seek from the Court a maximum of $187,500.00 in attorneys' fees, and a maximum of $7,000.00 in actual litigation costs, for serving as Class Counsel, both of which GameStop will not oppose.

    B.   From the Maximum Settlement Amount, Class Representative may seek from the Court an incentive payment not to exceed $5,000.00 for serving as Class Representative ("Service Enhancement"), which GameStop will not oppose.  From the Maximum Settlement Amount, Class Representative may also seek the Court's approval of a general release payment ("General Release Payment") not to exceed $10,000, which Settling Defendants have agreed to pay Class Representative in consideration of her release of individual claims, including but not limited to claims for wrongful termination and harassment.

    C.   From the Maximum Settlement Amount, settlement administration fees in a reasonable amount, which are estimated to be approximately $55,000.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

12

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

D.    From the Maximum Settlement Amount, a payment of $68,000 to the California LWDA for penalties pursuant to PAGA.

E.    Any portion of the Maximum Settlement Amount remaining after payment of the costs of administration, attorneys' fees, litigation costs, class representative enhancement and general release payment, that portion of PAGA penalties payable to the California LWDA, and payments to all of the Qualified Claimants (subject to Settling Defendant's minimum payment of the Minimum Settlement Amount) shall remain the property of Settling Defendants.

F.    If the Court approves a lesser amount of attorney's fees, litigation costs, Service Enhancement or General Release Payment than those sought by the Class Representative and Class Counsel, any amount disallowed by the Court shall become part of the Net Settlement Amount for distribution to Class Members.  The Parties agree that the settlement shall remain binding with such modification(s) and its terms will be otherwise unchanged.

54.    <u>Tax Treatment</u>.  Settlement payments to Qualified Claimants shall be treated as restitution, penalties, and interest, and not wages, and shall not be subject to withholdings.  Class Representative and Qualified Claimants shall be exclusively liable for any and all tax liability, if any.  Class Representative and Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

55.    <u>Class Member Released Claims</u>.  Upon Final Approval, each Settling Plaintiff and each member of the Class who has not opted out of the Settlement shall be deemed to have fully, finally, and forever released Settling Defendants from all Class Member Released Claims through the date of Preliminary Approval.

56.    <u>Class Representative Released Claims</u>.  Upon Final Approval, the Class Representative shall be deemed to have fully, finally, and forever released

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

13

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   Settling Defendants from all Class Representative Released Claims through the date
2   of Final Approval.

3        57.   Calculation of Settlement Amounts.  The Claims Administrator will
4   calculate pro rata settlement payments to Class Members based on each Class
5   Member's relative percentage of eligible service time in Compensable Pay Periods
6   during the Class Period as reflected on GameStop's internal records as set forth in
7   this paragraph.  After deducting for attorney's fees, litigation costs, the Service
8   Enhancement and General Release Payment, the payment to the LWDA, and claims
9   administration fees as set forth in Paragraph 53, the remainder of the Maximum
10  Settlement Amount will be allocated to Class Members as the "Net Settlement
11  Amount."  The Parties agree that the following formulas for allocating the
12  settlement payments to Class Members provided herein are reasonable and that the
13  settlement payments provided herein are designed to provide a fair settlement to the
14  Class:

15       A.   PAGA Subclass:  From the Net Settlement Amount, $22,666.67 shall
16            be allocated to the PAGA Subclass for their share of PAGA penalties
17            (e.g., 25% of the $90,666.67 allocated to settle the claims in the Action
18            brought pursuant to PAGA).  Individual settlement allocations for
19            PAGA Subclass Members shall be allocated pursuant to the following
20            formula:

21            1.   The number of Compensable Pay Periods that each PAGA
22                 Subclass Member was employed during the PAGA Subclass
23                 Period shall be determined;

24            2.   The number of Compensable Pay Periods that all PAGA
25                 Subclass Members were employed during the PAGA Subclass
26                 Period shall be aggregated;

27            3.   The percentage obtained by dividing the number of
28                 Compensable Pay Periods for an individual PAGA Subclass

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

14

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Member by the aggregate of all Compensable Pay Periods for all PAGA Subclass Members during the PAGA Subclass Period shall be used to calculate that individual PAGA Subclass Member's share of the PAGA Settlement Amount.

B.   <u>Restitution Subclass</u>:  After deducting the $22,666.67 PAGA Subclass allocation from the Net Settlement Amount, the remainder of the Net Settlement Amount shall be allocated to Restitution Subclass members pursuant to the following formula:

1.   The number of Compensable Pay Periods that each Class Member was employed during the Class Period shall be determined;

2.   The number of Compensable Pay Periods that all Class Members were employed during the Class Period shall be aggregated;

3.   The percentage obtained by dividing the number of Compensable Pay Periods for an individual Class Member by the aggregate of all Compensable Pay Periods for all Class Members during the Class Period shall be used to calculate that individual Class Member's share of the Net Settlement Amount.

58.   <u>Minimum Payment to Qualified Claimants</u>.  The Net Settlement Amount is approximately $417,500.  If Qualified Claimants claim less than 35% of the Net Settlement Amount, the difference between 35% of the Net Settlement Amount ("Minimum Payment") and the amount actually claimed shall be paid to Qualified Claimants in proportion to the value of their settlement payments.  If the claims rate is 35% or less of the Net Settlement Amount, GameStop will not be required to pay any unclaimed amounts above the Minimum Payment.

59.   <u>Qualified Claimants</u>.  Class Members who have timely submitted valid Claim Forms and have not opted-out of the settlement will be considered "Qualified

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

15

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1  Claimants" eligible to receive a Settlement Payment.  Class Members who have not

2  submitted timely and valid Claim Forms, or have not filed timely and valid opt-out

3  notices, will still be bound by the Settlement and its releases, but will not be

4  entitled to receive payment of their share of the settlement (subject to the provisions

5  of Paragraph 73 regarding late claims below)

6       60.    Eligibility for Settlement Payments.  Only Qualified Claimants who

7  have timely submitted valid Claim Forms and have not opted-out of the settlement

8  will be eligible to receive a Settlement Payment.  Class Members who have not

9  submitted timely and valid Claim Forms, or have not filed timely and valid opt-out

10  notices, will still be bound by the Settlement and its releases, but will not be

11  entitled to receive payment of their share of the settlement.

12       61.    Distribution of Settlement Payments.  When and if the Court grants

13  Final Approval of the Settlement, and the Effective Date as defined above has

14  passed, the Settlement Administrator shall prepare a final list of all Qualified

15  Claimants who timely submitted a valid Claim Form and did not opt-out of the

16  settlement.  For each Qualified Claimant on this list, the Settlement Administrator

17  will calculate the amounts due to each Qualified Claimant and issue checks payable

18  to said Qualified Claimants.  GameStop shall provide all payments required by this

19  Settlement to the Settlement Administrator within (28) calendar days of receiving

20  the list of Qualified Claimants from the Claims Administrator after Final Approval

21  of the Settlement.

22       62.    Court Approval of the Settlement.  Subject to GameStop's approval,

23  Class Counsel shall be responsible for preparing and filing, in coordination with

24  Defendants' Counsel, the Joint Motion for Preliminary Approval of the Settlement

25  and the Motion for Final Approval of the Settlement.  Prior to the Final Approval

26  hearing by the Court, the Parties will submit a proposed Final Order(s):

27  (i) certifying the Class for settlement purposes only; (ii) finding the settlement fair,

28  reasonable, and in the best interests of the Class Members; (iii) approving Class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

16

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1    Counsel's application for an award of attorneys' fees and litigation costs;

2    (iv) approving the Class Representative's application for a Service Enhancement;

3    (v) approving payment of claims administration fees; and (vi) entering Judgment

4    pursuant to a Consent Decree to be mutually drafted by the Parties.  The Judgment

5    and Consent Decree shall bar any further actions by Class Members who do not

6    opt-out of the settlement.  The Order for Final Approval of Settlement shall include

7    the names of all Class Members who submitted timely and valid opt-out requests.

8        63.    <u>Right to Revoke</u>.  GameStop has the right to withdraw from the

9    Settlement at any time prior to final approval if: (a) 7.5% or more of all Settlement

10   Class members opt out of the Settlement; or (b) the Settlement is construed in such

11   a fashion that GameStop is required to pay more than the Maximum Settlement

12   Amount; or (c) the Court does not certify the Settlement Class and PAGA Subclass

13   as listed in Paragraphs 5 and 32, or does not certify a class releasing the claims set

14   forth in Paragraph 8, or otherwise makes an order inconsistent with any of the terms

15   of this Settlement Agreement (except for orders reducing Class Counsel's proposed

16   attorneys' fees or litigation costs, or the Class Representative's Service

17   Enhancement or General Release Payment); or (d) any pending litigation or

18   litigation filed prior to final approval of the Settlement in any way prevents this

19   Settlement from resolving all claims covered by this Settlement, including without

20   limitation those claims described in Paragraph 8 above by the Settlement Class; or

21   (e) Plaintiff or her counsel breaches the Settlement Agreement; or (f) the Court does

22   not approve the Consent Decree prepared by the Parties.  GameStop must provide

23   notice to Plaintiff's counsel that it is exercising its right to withdraw within twenty-

24   one (21) calendar days of GameStop learning of an event which triggers its right to

25   withdraw, otherwise it shall waive such right to withdraw.  If GameStop exercises

26   its right to withdraw from the Settlement, it shall nonetheless pay all Claims

27   Administration costs actually incurred through its date of withdrawal.  If for any

28   reason the Settlement is not approved by the Court, or if GameStop withdraws from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

17

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

the Settlement pursuant to this paragraph, this Settlement Agreement and any related settlement documents shall be null and void, and any class certified for settlement purposes will be vacated.  In such an event, neither the Settlement Agreement, nor the settlement documents, nor the negotiations leading to the Settlement may be used as evidence for any purpose, and GameStop shall retain the right to challenge all claims and allegations in the action, to assert all applicable defenses, and to dispute the propriety of class certification on all applicable grounds.

64.    Termination of Settlement Agreement.  If the conditions of the Settlement set forth in this Stipulation of Settlement are not satisfied, or if Settling Defendants void the Settlement under Paragraph 63 above, or if the Court does not dismiss the Action with prejudice against Settling Defendants as provided for in this Stipulation, or if appellate review is sought and on such review the Court's decision is materially modified or reversed, or, if one or more of the terms of the Stipulation of Settlement is not approved or the Stipulation with respect to one or more such terms is materially modified or reversed, then this Stipulation shall be canceled, terminated, and shall have no force or effect.  If Final Approval does not occur, or if this Stipulation of Settlement is terminated, revoked, or canceled pursuant to its terms, the Parties to this Stipulation of Settlement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation of Settlement.

65.    Injunctive Relief and Consent Decree.  Without any admission of liability, as a direct result of this Action, and within 60 days of the Effective Date, GameStop agrees to modify its pay card program.  Under the new program, California employees will receive a pay card, and information identifying how they can receive the full amount of their wages from the pay card, without discount. GameStop further agrees to provide no fewer than two seats per California retail store, one of which must be a stool or other suitable seat which may be used on the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

18

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

sales floor when the nature of the work reasonably permits the use of a seat, provided that doing so does not create a safety hazard or interfere with service to GameStop's customers, job efficiency or effectiveness, or other essential functions of the job.  The Parties have mutually negotiated these policy modifications for the benefit of the Class as part of the consideration for this Settlement.  These policy modifications shall be memorialized in a Consent Decree to be effective for no less than three years and which shall be submitted for Court approval.

## VI.   **CLAIMS ADMINISTRATION**

66.   <u>Selection and Compensation of Claims Administrator</u>.  The Parties agree to jointly select and utilize a third-party Claims Administrator to give notice of and communicate with Class Members regarding the settlement.  Reasonable consent to the selection of the Claims Administrator will not be withheld by either Party.  If the actual cost of claims administration is less than the amount approved by the Court, those funds shall become part of the Net Settlement Amount for allocation to Class Members.  All costs associated with claims administration shall come out of the Maximum Settlement Amount.

67.   <u>Claims Administration</u>.  GameStop will provide the names, contact information, and dates of employment for members of the Class ("Class Data") to the Claims Administrator only.  GameStop will provide the Class Data to the Claims Administrator no later than twenty-one (21) calendar days after the Court grants Preliminary Approval of the Settlement.  Class Data shall only be used by the Claims Administrator for the purpose of calculating settlement shares and notifying the Class Members of the settlement.  Addresses for Class Members shall not be disclosed to Class Counsel, the Class Representative, or any other Class Members without the written consent of GameStop or by order of the Court.  The Claims Administrator shall run the Class Data list through the National Change of Address database, and will use the most recent address for each Class Member — either from GameStop's records or the National Change of Address database —

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

19

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   when mailing the Class Notice.  The Claims Administrator shall also take

2   reasonable steps to locate any Class Member whose Class Notice is returned as

3   undeliverable.  Class Data shall be provided in a format to be determined by the

4   Claims Administrator and GameStop.

5        68.  <u>Class Notice</u>.  Within fourteen (14) calendar days of receiving the

6   Class Data list, the Claims Administrator shall mail Settlement Documents,

7   consisting of the Court-approved Notice of the Class Action Settlement, in form

8   substantially similar to that attached hereto as Exhibit 1, and a court-approved

9   Claim Form, in form substantially similar to that attached hereto as Exhibit 2, to the

10  Class Members described herein.  The Class Notice shall state the estimated

11  minimum settlement payment that the Class Member could receive if she or he

12  participates in the settlement.

13       69.  <u>Claims Period</u>.  Class Members shall have forty-five (45) days from

14  the date of mailing of the Class Notice to return valid Claim Forms (the "Claims

15  Period") to the Settlement Administrator.  If the 45th day falls on a Sunday or

16  holiday, the deadline to return Claims Forms will be the next business day that is

17  not a Sunday or holiday.  Class Members who return valid, signed Claim Forms

18  bearing a postmark or other proof of transmission within the Claims Period shall be

19  deemed "Qualified Claimants" under the settlement.  Qualified Claimants will

20  receive their allocation from the settlement fund agreed upon pursuant to Paragraph

21  53 of this agreement and calculated by the Claims Administrator pursuant to

22  Paragraph 57 herein.  Claim Forms bearing a postmark outside the Claims Period

23  will be considered late claims subject to Late Claims procedure set forth in

24  Paragraph 73.

25       70.  <u>Challenges to Class Member's Employment Data</u>.  In calculating each

26  individual Class Member's share of the settlement, GameStop's records regarding

27  the employment tenure of Class Members shall be presumed to be correct.  Class

28  Members who challenge GameStop's records must submit a challenge in writing to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

20

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

the Claims Administrator and will bear the burden of proof, i.e., a Class Member who fails to provide written proof will have his or her challenge denied.  All such challenges must be received within the 45-day Claims Period in which Class Members must submit claims.  GameStop will investigate the challenge and determine whether any additional amount is owed to the Class Member making the challenge.  In no case will a challenge to employment data result in a payment by GameStop in excess of the Maximum Settlement Amount.

71.  <u>Opt-Outs/Requests for Exclusion from the Settlement</u>.  Class Members who wish to "opt-out" of and be excluded from the Settlement must submit a written Request for Exclusion from the Settlement bearing a post-mark from a date within the Claims Period.  If a Class Member submits a deficient opt-out, the Settlement Administrator shall notify the Class Member of the deficiency within five (5) business days of receipt.  The Class Member shall have until the end of the Claims Period to cure said deficiencies, at which point his or her Request for Exclusion will be rejected if not received.  Class Members submitting untimely or deficient Requests for Exclusions shall be bound by the Settlement and its releases but will not be considered Qualified Claimants for settlement distribution purposes.  If a Class Member submits both a Claim Form and a Request for Exclusion, the Claim Form will control and the Class Member will be considered a Qualified Claimant, regardless of the date on either document or the date the documents are postmarked.

72.  <u>Claim Form for the Class Representative</u>.  The Class Representative shall automatically be deemed a claiming Class Member and need not submit a Claim Form to claim her share of the Net Settlement Amount.  The Class Representative shall not opt-out of, or object to, the Settlement.

73.  <u>Late and Deficient Claims</u>.  The Claims Administrator shall notify Class Members who submit Late Claim Forms or Deficient Claim Forms of the lateness and/or deficiency within five (5) business days of receipt.  GameStop shall

have the right to accept otherwise valid Late Claim Forms that were not timely filed during the Claims Period, but are postmarked within 60 days of the deadline to submit claims (the "Late Claims Period").  Late Claim Forms that are not accepted shall render the Late Claimant's claim waived, but the Late Claimant will still be bound by the releases in this settlement.  Class Members submitting Deficient Claim Forms will have until the end of the Late Claims Period to cure said deficiencies.  Deficiencies that are not cured by the end of the Late Claims Period shall render the Deficient Claimant's claim waived, but the Deficient Claimant will still be bound by the releases in this settlement

74.    Releases.  Class Members who do not return a valid Claim Form within the Claims Period forfeit their settlement allocation but shall remain subject to the Class Member Released Claims as defined in Paragraph 8.

75.    Objections and Final Approval of Settlement.  All objections to the Settlement by any Class Member must be filed with the District Court and served upon all counsel of record by no later than sixty-two (62) days from the date of mailing of the Class Notice.  This deadline applies notwithstanding any argument regarding non-receipt of the notice.  Anyone who fails to file and serve timely written objections in this manner shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and from filing any appeal from any final approval order issued by the Court.  Class Counsel shall file and serve their motion for final approval of this class action settlement and motion for attorney's fees, litigation costs, and Service Enhancement, along with all supporting evidence, no later than fifty-five (55) from the date of mailing of the Class Notice, in order to allow Class Members a reasonable opportunity to object to said motions.  The Court shall conduct a hearing on Class Counsel's Motions no later than seventy-five (75) days from the date of mailing of the Class Notice, or as soon thereafter as the matter may be heard.

76.   <u>Response to Objections</u>.  The Parties may file any response to the objections submitted by objecting Class Members, if any, no later than ten (10) days after deadline to submit objections, above, or seven (7) days before the final approval hearing, whichever is later.

## VII.   <u>MISCELLANEOUS PROVISIONS</u>

77.   <u>Covenants and Representations by the Class Representative</u>.   The Class Representative covenants and represents as follows:

C.   Class Representative covenants that she will not participate in any other legal actions against GameStop, and will opt-out of those actions if she becomes aware of such actions.  Class Representative further agrees that any dispute concerning any aspect of her employment with GameStop shall be subject to alternative dispute resolution under GameStop C.A.R.E.S.

D.   Class Representative agrees that at no time will she, verbally or in writing, defame or make disparaging remarks or encourage, solicit, induce or entice others to make disparaging remarks about GameStop.

E.   Class Representative agrees that she will not seek re-employment with GameStop or their successors or affiliated entities.

F.   As set forth in Paragraph 80, Class Representative and Class Counsel agree not to disclose the terms of this Settlement except to the extent necessary as provided in Paragraph 80.

G.   Class Representative certifies that she has returned all GameStop property in her possession or control, including without limitation, equipment, telephones, credit cards, keys, pagers, tangible proprietary information, documents, computers and computer discs, personal data assistants, files and data, which she prepared or obtained during the course of her employment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

23

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

78.   <u>Drafting.</u>  The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that neither Party shall be considered the "drafter" of this Stipulation of Settlement for purposes of having terms construed against that Party.

79.   <u>Class Information Confidential.</u>  Names of Class Members and their allocation amounts shall <u>be kept s</u>trictly confidential by the Claims Administrator, who will not release such information to Class Counsel and will only file such information under seal if necessary.  Class Counsel agrees that any information they receive or have received in connection with this Settlement may be used for this Action only, and may not be used for any purpose or in any other action or proceeding.

80.   <u>Non-Disclosure.</u>  Class Representative and Class Counsel agree not to disclose the terms of this Settlement except in court papers, in response to Class Member inquiries, or if required by legal process.  Neither Class Representative nor Class Counsel, directly or indirectly, shall issue a press release, hold a press conference, publish information about the settlement on any website (other than used by the claims administrator for claims administration purposes), or otherwise publicize the settlement.  Class Representative and Class Counsel agree not to respond to any press inquiries concerning the settlement except to refer reporters to the papers filed with the District Court.

81.   <u>Uncashed Settlement Checks.</u>  Any settlement checks that remain uncashed after 180 days of mailing shall remain the property of GameStop.

82.   <u>Cy Pres.</u>  The Parties acknowledge that California Civil Procedure Code Section 384 and the Doctrine of *Cy Pres* are not applicable to this Settlement because the terms of this Settlement Agreement expressly provide for the disposition of the entire Maximum Settlement Amount, whether claimed or unclaimed.  The Parties have expressly elected not to create a common fund by this settlement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

24

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

83.    <u>Returns and/or Destruction of Confidential Settlement Materials</u>. Class Representative and Class Counsel agree to return and/or destroy all documents produced to them for settlement purposes in this Action pursuant to the confidentiality agreement executed by the Parties.  If Class Representative and Class Counsel elect to destroy said documents, they shall timely provide an affidavit of destruction to Defendants' Counsel.

84.    <u>Cooperation</u>.  The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other action as may reasonably be necessary to fulfill the terms of this Stipulation of Settlement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.

85.    <u>Extensions of Time</u>.  If a party cannot reasonably comply with an obligation under this Settlement Agreement by the deadline set forth herein applicable to that obligation, that party may apply to the Court for a reasonable extension of time to fulfill that obligation.  Consent to such a request for an extension will not be unreasonably withheld by the other party.

86.    <u>No Impact on Benefit Plans.</u>  Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Settling Defendants.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Settling Defendants sponsored benefit plans, policies, or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any Settling Defendants' benefit plan, policy, or bonus program.

Settling Defendants retain the right to modify the language of its benefit plans,
policies and bonus programs to effect this intent, and to make clear that any
amounts paid pursuant to this Settlement are not for "hours worked," "hours paid,"
"hours of service," or any similar measuring term as defined by applicable plans,
policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or
any other purpose, and that additional contributions or benefits are not required by
this Stipulation of Settlement.

87.   <u>Class Action Fairness Act</u>.  Defendant shall serve upon the appropriate
state official of each state in which a Class Member resides and the appropriate
federal official, a notice of the proposed settlement consisting of the documents and
information required by 28 U.S.C. § 1715(b).  If any state or federal officials and/or
agencies make any objection to the Settlement, no payments of any kind shall be
made under this Settlement until such objections have been resolved and the time to
appeal any resolution has expired.

88.   <u>Notices</u>.  Unless otherwise specifically provided herein, all notices,
demands, or other communications given hereunder shall be in writing and shall be
deemed to have been duly given as of the third business day after mailing by United
States certified mail, return receipt requested, addressed as follows:

To the Plaintiff Class:

Kenneth S. Gaines, Esq.
Daniel F. Gaines, Esq.
Alex P. Katofsky, Esq.
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

To the Defendants:

Carrie A. Gonell, Esq.
Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

89.   <u>Modification</u>.  This Stipulation may not be changed, altered, or
modified, except in writing signed by counsel for the Parties hereto and approved

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

26

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.  This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

90.     <u>Governing Law</u>.  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of California, without regard to principles of conflict of laws.

91.     <u>Severability</u>.  If any provision of this Stipulation of Settlement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Stipulation of Settlement and to this end the provisions of this Stipulation of Settlement are declared to be severable.

92.     <u>Counterparts</u>.  Because the proposed Class has not yet been certified, and the members of the proposed Class are so numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Stipulation.  It is agreed that, for purposes of seeking Court approval of the Settlement, this Stipulation of Settlement may be executed on behalf of the proposed Class by Class Counsel.  This Settlement Agreement shall become effective upon its execution by all of the undersigned.  The Settling Parties may execute this Settlement Agreement in any number of counterparts, and a facsimile signature shall have the same force and effect as an original.

IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly authorized attorneys, as of the day and year herein set forth.

SIGNATURES ON NEXT PAGE.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

27

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1   Dated:          September ___, 2011          MORGAN, LEWIS & BOCKIUS LLP

2

3                                                 By_____

4                                                    Carrie A. Gonell
                                                     Attorneys for Defendants
                                                     GAMESTOP CORP. and
5                                                    GAMESTOP, INC.

6
    Dated:          September ___, 2011          GAINES & GAINES, APLC
7

8

9                                                 By_____

10                                                   Daniel F. Gaines
                                                     Attorneys for Plaintiff
                                                     ANGELA CHURCH
11

12  Dated:          September ___, 2011          GAMESTOP CORP. and GAMESTOP,
                                                 INC.
13

14                                                By_____

15                                                Its _____

16

17  Dated:          September ___, 2011

18

19                                                By_____

20                                                   ANGELA CHURCH
                                                     PLAINTIFF

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22646264.1

28                        JOINT STIPULATION OF SETTLEMENT
                                            AND RELEASE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CHURCH, on behalf of herself and all others similarly situated, and on behalf of the general public, | Case No. 11-CV-00132-GAF-RZx |
| Plaintiffs, | **NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT AND FINAL FAIRNESS HEARING** |
| vs. | |
| GAMESTOP, INC., a Minnesota corporation; GAMESTOP CORP.; a Delaware corporation; and DOES 1-50, inclusive, | |
| Defendants. | |

**To:** **All current and former GameStop employees in California at any time from December 15, 2006 through [*Date of Pre. Approval*]:**

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

**I.  INTRODUCTION**

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court, Central District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on _____, 2012 at \_\_\_\_\_ **a.m.** to determine whether the Settlement should be granted final approval. Records of GameStop show that you were employed by GameStop in California at some time during the period December 15, 2006 to [*date of preliminary approval*] ("Class Period") and therefore are a class member in this Action ("Class Member").  As a Class Member you may be entitled to money under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to:  (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

**II.  SUMMARY OF THE ACTION**

On December 15, 2010, Plaintiff Angela Church ("Plaintiff") filed a lawsuit against GameStop, Inc., GameStop Corp., and Does 1-50, in the Superior Court for the State of California, in and for the County of Riverside, Case Number RIC10024116. GameStop removed the Action to the U.S. District Court for the Central District of California, where it is presently assigned case number No. EDCV 11-132-GAF-RZx.

Plaintiff seeks to represent a putative class of current and former GameStop employees in California.  The complaint alleges three causes of action under the California Labor Code and Business & Professions Code:  violation of Labor Code § 1198 for alleged failure to provide adequate seats to employees pursuant to IWC Wage Order 7-2001, section 14; alleged failure to issue wages payable on demand without discount pursuant to Labor Code § 212; and alleged violation of Bus. & Prof. Code §§ 17200 et seq.  Plaintiff seeks damages, restitution, civil penalties under PAGA, and injunctive relief.

Plaintiff alleges in her Complaint that, during the applicable limitations period, GameStop failed to provide its store employees with suitable seats when nature of the work reasonably permits the use of seats, in violation of section 14 of IWC Wage Order 7-2001.  Plaintiff also alleges in her Complaint that GameStop paid its employees via "Comdata paycard" that could not be redeemed in cash for earned wages without incurring a fee, in violation of Labor Code § 212.

GameStop denies these claims, and asserts that the nature of the work performed by Class Members does not reasonably permit the use of seats, and that suitable seats are provided in break areas.  GameStop further asserts that its Comdata Paycard system permits employees to receive all earned wages without a surcharge or fee once per pay period. Consequently, GameStop does not believe that any liability to Plaintiff or Class Members exists, or that Plaintiff or Class

Members are entitled to any recovery.  In addition, GameStop contends that Plaintiffs' seating and pay card claims are not suitable for class treatment

The Court has not ruled on the merits of Plaintiff's claims.

The Court granted preliminary approval of the Settlement on [*date of preliminary approval*] on behalf of one settlement class and one settlement subclass, defined as:

> All persons who are, have been, or will be employed by GameStop in the State of California from December 15, 2006 through [*date of preliminary approval*] (the "Restitution Subclass").

and

> All persons who are, have been, or will be employed by GameStop in the State of California from December 15, 2009 through [*date of preliminary approval*] (the "PAGA Subclass").

At that time, the Court also preliminarily approved Plaintiff Angela Church to serve as Class Representative, and the law firm of Gaines & Gaines, APLC to serve as Class Counsel.  The Court also scheduled a Final Approval Hearing on the Settlement at ____ a.m. on _____, 2012, in Courtroom 740, United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, at which time the Court will decide whether to grant final approval of the Settlement.

### III.   SUMMARY OF SETTLEMENT TERMS

<u>Settlement Amount</u>.  GameStop has agreed to pay an amount not to exceed seven hundred fifty thousand U.S. Dollars ($750,000.00) (the "Maximum Settlement Amount") to fully resolve the claims in the Action.  This Maximum Settlement Amount includes claims administration costs, Class Counsel's attorneys' fees and litigation expenses, payments to the California Labor and Workforce Development Agency ("LWDA"), a service enhancement and general release payment to the Class Representative, and all settlement payments to Class Members, as outlined below.

<u>Claims Administration and Other Payments.</u>  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- <u>Claims Administration.</u> Payment to the Claims Administrator, estimated to be approximately $55,000, for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments.

- <u>Attorneys' Fees and Expenses.</u>  Payment to Court-approved Class Counsel of reasonable attorney fees not to exceed $187,500 as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses actually incurred in connection with the Action in an amount not to exceed $7,000.  Class Counsel has been prosecuting the Action on behalf of Plaintiff and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- <u>Service Enhancement and General Release Payment to Class Representative</u>.  A Service Enhancement not to exceed $5,000 to the Plaintiff Angela Church to compensate her for her services on behalf of the Class in initiating and prosecuting the action.  This payment is in addition to whatever payments the Plaintiff is otherwise entitled to receive as a Class Member.  In addition, a general release payment not to exceed $10,000, which GameStop has agreed to pay Plaintiff Angela Church in consideration of her release of individual claims.

- <u>Payment to LWDA.</u>  A payment of $68,000 will be made to the LWDA for LWDA's portion of the Settlement allocated to civil penalties under the Labor Code Private Attorneys General Act, Lab. Code §§ 2698 *et seq.*

<u>Calculation of Class Member Awards.</u> The Net Settlement Amount is what remains after these deductions from the Maximum Settlement Amount.  Pro rata settlement payments to Class Members from the Net Settlement Amount will be calculated based on each Class Member's relative percentage of eligible employee service time during the Class Period and/or the PAGA Subclass Period based on GameStop's internal records.  Only Class Members who have properly and timely submitted a completed Claim Form, and who did not opt out of the settlement as provided for below ("Qualified Claimants"), will be entitled to receive a payment pursuant to the settlement.  If the conditions of the Settlement (as described in this Notice) are met, and if the Court grants final approval of the Settlement, then settlement checks will be mailed to Class Members who submit timely and valid Claim Forms.  A total of $22,666.67 from the Net Settlement

Amount shall be allocated to members of the PAGA Subclass, representing the employee's share of PAGA penalties. PAGA Subclass Members are eligible for a pro rata share of this amount based on their employee service time between December 15, 2009 and [date of preliminary approval].  Members of the Restitution Subclass are eligible for a pro rata share of the Net Settlement Amount after deducting the full amount attributable to PAGA penalties based on their employee service time between December 15, 2006 and [date of preliminary approval].

Tax Matters.  Settlement payments to Qualified Claimants shall be treated as restitution, penalties, and interest,and not wages, and shall not be subject to withholdings.  Qualified Claimants shall be exclusively liable for any and all tax liability, if any.  Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

Releases.  Upon Final Approval of the Settlement, each Qualified Claimant and each member of the Class who has not opted out of the Settlement shall be deemed to have fully, finally, and forever released GameStop Corp., GameStop, Inc., and all related companies, subsidiaries, entities, future and former direct and indirect parents, affiliates, successors and predecessors, and current and former employees, attorneys, officers and directors of said entities (the "Settling Defendants") of any and all claims that were asserted in the Instant Action, and any and all claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Plaintiff's Complaint or in any Amended Complaint filed in this Action, including but not limited to any and all claims arising under the IWC Wage Orders; California Labor Code, including, without limitation, §§ 212, 225.5, and 1198; California Business & Professions Code §§17200 et seq.; and any and all claims under the Private Attorney General Act (California Labor Code Section 2698) relating to the claims being released herein.  Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out.

Conditions of Settlement.  This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

## IV.  RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Claim Form and mail the completed form **postmarked by no later than** _____ to the Claims Administrator at the following address:

Church v. GameStop Claims Administration Center
Claims Administrator Name
Address

If you wish to have confirmation that the Claims Administrator has received your Claim Form, please send your Claim Form to the Claims Administrator by certified U.S. Mail with a return receipt request.  **It is strongly recommended that you also keep a copy of the return receipt or other confirmation reflecting the date the Claim Form was returned to the Claims Administrator.**

The Claim Form lists the dates you worked for GameStop in California during the Class Period.  If you believe the data listed on the Claim Form is incorrect, you may submit a challenge in writing to the Claims Administrator indicating what you believe is the correct data.  You must also send the Claims Administrator any documents or other information that supports your challenge to the information on the Claim Form.  The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data. All such challenges must be postmarked by _____, 2011 or they will not be considered.

Class Members who do not submit a Claim Form or who do not file timely a Claim Form **will not receive any money** from the Settlement.  **Class members who do not submit a timely Claim Form will still be bound by the Releases set forth above, unless they opt out of the Settlement pursuant to the provisions below.**

## V.   RIGHT TO OPT OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out. **If you opt out, you will receive no money from the Settlement, and you will not be bound by its terms**.  To opt out, you must submit a signed, written request to the Claims Administrator for Exclusion from the Settlement post marked no later than _____, 2011.  Written requests for Exclusion from the Settlement that are post-marked after this date, or are unsigned by the Class Member, will be rejected, and Class Members submitting untimely or deficient Exclusions shall be bound by the Settlement and its releases but will not be considered Qualified Claimants and will not receive settlement payments.

Do not submit both a request for exclusion and a claim form.  If that should occur, the request for exclusion will be void and of no force and the timely claim form will be processed for payment pursuant to the terms of the proposed settlement.

## VI.   RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement.  Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before _____, 2011.  Copies of objections must also be mailed or delivered to Class Counsel and counsel for GameStop on or before _____, 2011 at the following addresses:

| Class Counsel: | Counsel for GameStop: |
|---|---|
| Kenneth S. Gaines, Esq. <br> Daniel F. Gaines, Esq. <br> Alex P. Katofsky, Esq. <br> GAINES & GAINES, APLC <br> 21550 Oxnard Street, Suite 980 <br> Woodland Hills, CA 91367 | Carrie A. Gonell <br> MORGAN, LEWIS & BOCKIUS LLP <br> 5 Park Plaza, Suite 1750 <br> Irvine, CA 92614 |

If you have filed and served a timely objection,  you may also appear at the Final Approval Hearing scheduled for _____, 2012 at _____ a.m., in Courtroom 740, United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012. You have the right to appear either in person or through your own attorney at this hearing.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties, above, on or before _____, 2011.  All objections or other correspondence must state the name and number of the case, which is *Church v. GameStop et al.*, United States District Court, Central District of California, Case No. 11-CV-00132-GAF-RZx.  If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.   ADDRESS CHANGE

It is your responsibility to keep the Claims Administrator apprised of your correct address at all times until receipt of your settlement checks.  Please sign and mail or fax any change of address along with your Social Security number or Tax Identification number, former address and new address to:

Church v. GameStop Claims Administration Center
Claims Administrator Name
Address

## VIII.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at _____ a.m. on _____, 2012 in Courtroom 740, United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012.  The Hearing may be continued without further notice.  **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## IX.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims

Administrator with any concerns or questions regarding the Settlement.  You may also contact Class Counsel, Kenneth S. Gaines, Daniel F. Gaines, and Alex P. Katofsky of Gaines & Gaines, APLC, at (818) 703-8985.  You may also refer to the pleadings, the Joint Stipulation of Settlement and Release, and other papers filed in the Action, which may be inspected at the Office of the Clerk for the United States District Court, Central District of California, located at Courtroom 740, United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012 during regular business hours of each court day.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

# EXHIBIT 2

*Church v. GameStop*

United States District Court, Central District of California, Case No. 11-CV-00132-GAF-RZx

## CLAIM FORM

| | |
|---|---|
| Claim #:<br>Name<br>c/o<br>Address<br>City, State, Zip<br>(          ) | Name/Address Changes, if any |
| Area Code    Home Telephone Number | |

YOUR ESTIMATED SHARE OF THE SETTLEMENT IS $_____. Your actual share may vary depending on the number of claim forms submitted.

***In order to receive your portion of the settlement funds you must complete all requested information, sign, date and return this form, postmarked no later than _____, 2011 addressed to:***

*Church v. GameStop* Claims Administration Center
<<Claims Administrator>>
<<Address>>
<<Phone>>

**IF YOU DO NOT RETURN THIS FORM POSTMARKED BY _____, 2011, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS.**

Shares of the settlement are allocated based on a Class Member's dates of employment with GameStop in California during the Class Period (December 15, 2006 to [*date of preliminary approval*]).  The records of GameStop show that, within the Class Period, you worked in a covered position in California during the following time period(s):

If you believe the data listed above is incorrect, you may submit a challenge in writing to the Claims Administrator, at the address listed above.  You must also send the Claims Administrator any documents or other information that supports your challenge.  The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data.  All such challenges must be postmarked no later than _____, 2011.  Please keep in mind that only employees with tenure in California at some time during the time period December 15, 2006 to [*Preliminary Approval Date*] are eligible to participate in the Settlement.

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

Please Note:  All Settlement Awards may be subject to tax and will be reported to the IRS and state tax authorities.  You will receive IRS form(s) 1099-MISC covering your settlement award.  You should consult with your own tax advisor concerning the tax consequences of the payments you receive under the Settlement.

### CERTIFICATION OF ELIGIBILITY

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct .**

Dated: _____, 2011          _____
                                                            Signature